UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEANE CURTIS,<br><br>                    Plaintiff,<br><br>        -against-<br><br>THE STATE OF NEW YORK, sued in their official capacities,<br><br>                    Defendant. | 1:22-CV-7201 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Keane Curtis, who is currently incarcerated in the Elmira Correctional Facility,[1] filed this *pro se* action under 42 U.S.C. § 1983 and under state law. He seeks damages and sues the State of New York. He also seems to intend to sue unspecified individual state officials, who appear to be employed by the New York State Department of Corrections and Community Supervision ("DOCCS"), in their official capacities, and perhaps, in their individual capacities.

By order dated October 5, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court dismisses all of Plaintiff's claims against the State of New York and against individual DOCCS officials, in their official capacities. The Court also dismisses Plaintiff's claims under state law against individual DOCCS officials, in their individual capacities. The Court, however, grants Plaintiff leave to file an amended complaint in which he names individuals as defendants, and asserts claims under Section 1983 against those individuals, in their individual capacities.

---

[1] Plaintiff filed his complaint while incarcerated in the Fishkill Correctional Facility.

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After

separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following: On February 15, 2020, while Plaintiff was incarcerated in the Sing Sing Correctional Facility ("Sing Sing"), Correctional Officer Ashman closed Plaintiff's cell door on Plaintiff's right hand. Plaintiff's right hand began to throb and swell, and he experienced "extreme pain." (ECF 2, at 2.) He was first escorted to the Sing Sing clinic, and then to Mount Vernon Hospital ("MVH") for evaluation. At MVH, Plaintiff was evaluated and x-ray photographs were taken of his right hand. A physician at that hospital told him that "there was not[h]ing he could do" (*id.* at 3), and Plaintiff was then escorted to the Westchester Medical Center ("WMC").

At WMC, Plaintiff's right had was placed in a soft cast. Approximately two weeks later, Plaintiff underwent an operation in which screws and wires were inserted into his right hand. He remained at that hospital between February 15, 2020, and April 2, 2020. When Plaintiff was released from that hospital and returned to Sing Sing, he was scheduled to begin physical therapy, "but [D]efendant has failed to schedule[] the p[r]ocedure." (*Id.*)

Plaintiff states that his "claim is based on the continue[d] treatment doctrine on the grounds that [D]efendants failed to provide the necessary adequate medical care as required by the doctor who performed the surgery at [WMC]." (*Id.* at 4.)

## DISCUSSION

**A.     Claims under Section 1983 and under state law against the State of New York and against individual DOCCS officials, in their official capacities, and claims under state law against individual DOCCS officials, in their individual capacities**

The Court must dismiss Plaintiff's claims under Section 1983 and state law against the State of New York and against individual DOCCS officials, in their official capacities, under the doctrine of Eleventh Amendment immunity. The Court must also dismiss Plaintiff's claims under state law against individual DOCCS officials, in their individual capacities, for lack of subject matter jurisdiction.

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. (internal quotation marks and citation omitted). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). Congress has not abrogated the States' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

The Eleventh Amendment therefore precludes Plaintiff's claims under Section 1983 for damages against the State of New York. The Eleventh Amendment also precludes Plaintiff's claims under Section 1983 for damages against any individual DOCCS officials, who are all

New York State officials, in their official capacities. *See, e.g.*, *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 392 (2d Cir. 2022) ("[T]he Eleventh Amendment bars the award of money damages against state officials in their official capacities."). The Eleventh Amendment additionally precludes Plaintiff from seeking here, in federal court, relief under state law against the State of New York, and against individual DOCCS officials, in their official capacities. *See Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 540-42 (2002); *Halderman*, 465 U.S. at 120-21; *see generally Bertoldi v. State*, 275 A.D.2d 227, 228 (1st Dep't 2000) ("It is well settled that the [New York] Court of Claims has exclusive jurisdiction over actions for money damages against the State [of New York], [New York] State agencies, or [New York] State officials acting in their official capacities in the exercise of governmental functions."). Moreover, Section 24 of the New York Correction Law precludes Plaintiff from asserting any claims for damages under state law against any individual DOCCS officials, in their individual capacities, arising from any act or failure to act within the scope of their employment; such claims may only be brought against the State of New York in the New York Court of Claims. *See* N.Y. Corr. Law § 24(1), (2); *Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir. 1996); *Parris v. N.Y. State Dep't Corr. Servs.*, 947 F. Supp. 2d 354, 365 (S.D.N.Y. 2013).

Accordingly, the Court dismisses all of Plaintiff's claims against the State of New York, and his official-capacity claims against individual DOCCS officials, under the doctrine of Eleventh Amendment immunity, for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)); *Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction.");

*Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction."); *see* 28 U.S.C. § 1915(e)(2)(B)(iii). The Court also dismisses Plaintiff's individual-capacity claims under state law against individual DOCCS officials for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see* § 1915(e)(2)(B)(iii); N.Y. Corr. Law § 24(1), (2); *Parris*, 947 F. Supp. at 365-66.

**B.        Claims under Section 1983 arising from denial of medical care**

The Court construes Plaintiff's complaint as asserting individual-capacity claims under Section 1983, against individual DOCCS officials at Sing Sing, that they violated Plaintiff's rights under the Cruel and Unusual Punishments Clause of the Eighth Amendment by failing to provide Plaintiff with medical treatment, including physical therapy. A prisoner asserting such a claim must allege facts showing that an official was deliberately indifferent to his serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976); *Darnell v. Pineiro*, 849 F.3d 17, 31-35 (2d Cir. 2017). Deliberate indifference is evaluated under a two-pronged test comprised of both objective and "mental-element" components. *See Darnell*, 849 F.3d at 29-33; *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). For the objective component, it is necessary that the prisoner is or was suffering from a sufficiently serious medical condition that "'could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)); *see also Darnell*, 849 F.3d at 30 ("Under . . . the Eighth . . . Amendment[], to establish an objective deprivation, 'the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health,' which includes the risk of serious damage to 'physical and mental soundness.'") (citations omitted).

For the mental-element component, a convicted prisoner must show that an official "knows of and disregards an excessive risk to [the prisoner's] health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Allegations of malpractice or the negligent failure to provide adequate medical care do not state a constitutional claim. *See Estelle*, 429 U.S. at 106; *Chance*, 143 F.3d at 703.

To the extent that Plaintiff asserts claims under Section 1983 against individual DOCCS officials at Sing Sing, in their individual capacities, arising from their failure to provide medical care (including physical therapy) to him, Plaintiff alleges no facts showing that any DOCCS official at Sing Sing was deliberately indifferent to his serious medical needs. The Court grants Plaintiff leave to file an amended complaint in which he alleges facts showing how individual DOCCS officials at Sing Sing were deliberately indifferent to his serious medical needs.

**C.     Personal involvement**

To state a claim under Section 1983 against an individual defendant in his or her individual capacity, a plaintiff must allege facts showing that individual defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks and citation omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and

prove the elements of the underlying constitutional violation directly against the official. . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not specifically name any individuals as defendants. He also does not allege which individual DOCCS officials at Sing Sing were responsible for failing to provide him with medical care, including physical therapy. In addition to the leave granted above, the Court grants Plaintiff leave to file an amended complaint in which he names individual defendants, sued in their individual capacities, and in which alleges facts showing how those individuals were personally and directly involved in the alleged violations of his federal constitutional rights, including the alleged failure to provide him with medical care at Sing Sing.

### D.     Leave to amend

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Because Plaintiff may be able to allege additional facts to state a valid claim under Section 1983 against individual DOCCS officials at Sing Sing, in their individual capacities, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims as follows:

1. Plaintiff must name as the defendant(s) in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal constitutional rights.

2. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint, with a description, such as "Correctional Officer John Doe #1, on duty in the Sing Sing clinic on August 31, 2020, during the 7 a.m. to 3 p.m. tour of duty."[4]

3. In the "Statement of Claim" section of the amended complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a. the names and titles of all relevant people;

    b. a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c. a description of the injuries Plaintiff suffered; and

    d. the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] The naming of "John Doe" or "Jane Doe" defendants, however, does not toll the three-year statute of limitations period governing this action, and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, **any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.**

## CONCLUSION

The Court dismisses this action. The Court, however, grants Plaintiff 30 days' leave to file an amended complaint. If Plaintiff fails to file an amended complaint within the time allowed, and cannot show good cause as to why such failure should be excused, the Court will direct the Clerk of Court to enter judgment dismissing this action for the reasons set forth in this order and for failure to state a claim on which relief may be granted. Fed. R. Civ. P. 12(h)(3); *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii).

An amended complaint form is attached to this order. Any amended complaint filed should list docket number "1:22-CV-7201 (LTS)" on its first page.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 24, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge